Filed 12/2/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re TODD BARTON SCHUSTER, | C087276 |
| On Habeas Corpus. | (Super. Ct. No. 17HC00283) |

APPEAL from an order of the Superior Court of Sacramento County, Michael A. Savage, Judge. Affirmed as modified.

Xavier Becerra, Attorney General, Phillip J. Lindsay, Assistant Attorney General, Jessica N. Blonien, Maria G. Chan, Deputy Attorney General, for Petitioner California Department of Corrections and Rehabilitation.

Benjamin Owens, under appointment by the Court of Appeal, for Respondent Todd Barton Schuster.

Todd Barton Schuster petitioned the superior court for a writ of habeas corpus, seeking early parole consideration under Proposition 57. At the time, an emergency regulation of the California Department of Corrections and Rehabilitation (Department)

1

rendered those who had a conviction for a sex offense requiring registration under Penal Code section 290[1] ineligible for such consideration. The petition pointed out that under Proposition 57, all "nonviolent" offenders were eligible for early parole consideration. The only statutory definition of nonviolent was the definition of violent felonies in section 667.5, which did *not* include section 290 registrants.

The trial court appointed counsel for Schuster; counsel then narrowed his argument to the claim that Schuster could not be declared ineligible for parole based only on his prior conviction for a sex offense. Whether a current conviction would render him ineligible for parole was not discussed.

The trial court granted the petition and invalidated the regulation. In doing so, the court found that "nonviolent" felonies under Proposition 57 included only those felonies not listed as violent in section 667.5. The Department sought a stay and reconsideration, arguing the matter was moot because Schuster had been released from prison and the regulations had been revised. The court found the petition was not moot because it affected important issues of continuing public interest that may evade review and denied the stay. The court modified its order sua sponte to declare invalid two revised regulations that denied early parole consideration to those convicted of an offense requiring registration under section 290 or serving life terms for a violent offense.

Ralph Diaz, Secretary of the Department, appeals from the judgment. He contends the judgment should be reversed with directions to dismiss the matter as moot because the trial court could not grant Schuster effectual relief after he was released from prison. He further contends the court exceeded its authority by invalidating regulations that Schuster did not challenge and erred in concluding that the definition of "nonviolent felony offense" is constrained by section 667.5.

---

[1] Further undesignated statutory references are to the Penal Code.

2

We conclude the matter is not moot because it poses an issue of broad public interest that is likely to recur.  As we discuss, we conclude that the trial court erred when it invalidated the unchallenged revised regulations.  We modify the judgment to invalidate only the challenged regulation and then only to the extent it is applied to inmates like Schuster who are section 290 registrants solely due to a *prior* conviction.

## BACKGROUND

*Proposition 57 and Early Parole Consideration*

In November 2016 the electorate passed Proposition 57, The Public Safety and Rehabilitation Act of 2016.  The initiative added section 32 to article I of the California Constitution which, among other things, provides for early parole consideration for those convicted of nonviolent offenses.  The added section (the Amendment) reads in part:  "(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:  [¶]  (1)  Parole Consideration:  Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense.  [¶]  (A)  For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.  [¶]  . . . [¶]  (b)  The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety."

The Department issued emergency regulations to implement the Amendment.  As relevant here, the emergency regulations defined nonviolent offender as all inmates *except* those who are (1) condemned, incarcerated for a term of life without the possibility of parole, or incarcerated for a term of life with the possibility of parole; (2) serving a term of incarceration for a violent felony within the meaning of section 667.5,

3

subdivision (c); or (3) "[c]onvicted of a sexual offense that requires registration as a sex offender under . . . section 290." (Cal. Code Regs., tit. 15, former § 3490, subd. (a), Register 2017, No. 15 (Apr. 13, 2017).) [2]

*Schuster's Petition*

In 2016 Schuster was convicted of possession of a controlled substance for sale and sentenced to a five-year prison term. In 2010 he had been convicted of the same offense and pimping (§ 266h, subdivision (b)(2)), sentenced to three years in prison, and required to register as a sex offender under section 290.

In 2017 he sought early parole consideration. The Department denied his request due to his registration status stemming from his prior conviction.

Schuster petitioned for a writ of habeas corpus, contending the Department's regulation conflicted with the law. He argued that under Proposition 57 *all* nonviolent offenders were eligible for early parole consideration. The only potential definition of nonviolent was in section 667.5, which enumerated violent felonies and did not include section 290 registrants.

The trial court deemed the petition a challenge to the emergency regulations and found it appeared that Schuster had set forth a prima facie case. The court appointed counsel and issued an order to show cause, directing the return to address four questions: (1) Had the Department determined Schuster was ineligible for early parole consideration? (2) If so, was the reason his prior conviction for pimping? (3) If so, was his ineligibility due to the emergency regulation excluding section 290 registrants from eligibility? (4) If so, is the regulation in conflict with article I, section 32(a)(1) of the California Constitution?

---

[2] Further undesignated regulation references are to Title 15 of the California Code of Regulations (Title 15).

4

In the return, the Department answered the first three questions in the affirmative, but denied that the emergency regulation conflicted with the Amendment. It argued it had acted within its authority in issuing the emergency regulation.

In the traverse, Schuster, through newly appointed counsel, clarified that his position was *not* that only offenders who had committed an offense listed in section 667.5 were excluded from early parole consideration. Instead, his position was that the focus for eligibility for early parole consideration had to be on the *current* offense, not on a prior offense. He argued the language of Proposition 57 was clear and unambiguous in referencing the current offense.

*Supplemental Briefing*

The trial court ordered supplemental briefing. It observed that under the Amendment the eligibility requirement for early parole consideration is described as "any person convicted of a nonviolent felony offense and sentenced to state prison." There was no exception for a third-striker serving an indeterminate sentence for a nonviolent offense or for a person currently convicted of a nonviolent offense who had a prior conviction for a sex offense requiring registration under section 290.

The trial court asked seven questions based on this understanding of the Amendment and whether the emergency regulation conflicted with the Amendment: (1) if the regulation conflicted with the Amendment by declaring an inmate ineligible for early parole consideration based on a prior conviction; (2) if there was a conflict because the regulation made an inmate ineligible based on a prior conviction for a sex offense requiring registration that was not a violent felony under section 667.5; (3) if the focus of the Amendment was on the inmate's current offense; (4) if the regulation was internally inconsistent by excluding inmates with a prior conviction for a sex offense listed in section 290 but defining "violent felony" as an offense listed in section 667.5; (5) if the voters would commonly understand "violent felony" to refer to felonies listed in section 667.5 based on two prior initiatives (Proposition 21 and Proposition 83) that amended

5

that section; (6) if the term "violent felony" in the Amendment was not defined by section 667.5, whether it was unconstitutionally vague under *Johnson v. United States* (2015) 135 S.Ct. 2551; and (7) if the Amendment gave sweeping powers to the Department to define "violent felony" and if so, was that delegation of power a violation of the separation of powers doctrine.

The Department responded that the regulation did not conflict with the Amendment and argued that the Department had authority to define nonviolent felony. It objected to the procedural propriety of the questions raising vagueness and separation of powers because these issues had not been raised by petitioner.

Schuster submitted that the entire case rested on the court's observation that the Amendment addressed the inmate's *current* (rather than prior) conviction. Schuster agreed with the Department that the Amendment was not unconstitutionally vague and it was not necessary to reach the separation of powers issue.

*The Trial Court's Order*

The trial court granted the petition. It found that a nonviolent felony, as used in the Amendment, could *only* mean a felony offense not listed in section 667.5 and that applying any other definition would raise questions of unconstitutional vagueness. It declared the Department did not have broad authority to define what constitutes a nonviolent felony and to preset exclusions to early parole consideration. It found the regulation at issue conflicted with the Amendment and was invalid and directed the Department to consider Schuster for early parole pursuant to the Amendment.

*Motions for Reconsideration and a Stay*

The Department moved for reconsideration of the order, claiming the matter was moot because Schuster had been released on parole two months before the court's order and therefore the court could not grant effectual relief.

The trial court granted the motion for reconsideration. Although Schuster was no longer an inmate, the court exercised its discretion to decline to dismiss the petition as

6

moot. It reasoned that a large number of inmates remained who would be affected by the court's ruling, and the issue presented was of continuing public interest that may evade review if the case were dismissed. The court again granted the petition and directed the Department to adhere to the court's ruling that the regulation was invalid.

The Department requested a stay of the court's order pending appeal. It argued a stay was appropriate because the appeal would raise important issues of law regarding the interpretation of the Amendment. A stay would not harm Schuster as he had been released. Another case, involving a petition for a writ of mandate to invalidate the regulation, had reached a different conclusion, causing uncertainty and confusion. Further, the regulations at issue had been revised.

In May 2018 the Department issued final regulations purporting to implement Prop 57. (Tit. 15, §§ 3490, 3491, subd. (a), 2449.1, subd. (a).) These regulations modified the emergency regulations to define "nonviolent offender" as any inmate currently serving an offense other than those designated as violent by section 667.5, subdivision (c). (Tit. 15, §§ 3490, 3491, subds. (a) & (c).) They also amended the definition of "nonviolent offender" to eliminate the exclusions for third strikers with a current conviction for a nonviolent offense and those required to register as sex offenders. (See *id.* § 3940, subd. (a).) The Department's final regulations, however, denied early parole eligibility to certain inmates, notwithstanding that they were nonviolent offenders. As relevant here, an inmate is excluded if "[t]he inmate is convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in sections 290 through 290.024 of the Penal Code." (*Id.*, §§ 3491, subd. (b)(3).)

Another final regulation also defined a "nonviolent offender." (Tit. 15, § 2449.1, subd. (a).) Excluded from the definition of nonviolent offender is an inmate "currently incarcerated for a term of life with the possibility of parole for a violent offense." (*Id.,* § 2449.1, subd. (a)(3).)

7

*Final Order*

The trial court denied the motion for a stay and (sua sponte, without hearing) modified its earlier order to reflect the new regulations.  It found the offending regulation, Title 15, former section 3490, subdivision (a), had merely been moved to new sections 2449.1, subdivision (a)(3) and 3491, subdivision (b)(3) of Title 15.[3]  The court declared these two new regulations invalid and directed the Department to adhere to this ruling of invalidity.

The Department appeals.  This court granted a stay pending appeal to the extent the superior court's order extends beyond Schuster and purports to invalidate the Department's regulations.

## DISCUSSION

## I

*Mootness:  Based on Schuster's Release*

The Department contends the judgment should be reversed and the matter remanded with directions to dismiss the petition as moot.  It argues the trial court erred in declining to dismiss the case as moot because it could not grant effectual relief after Schuster was released from prison.  It further contends the issue will not evade review as there is another case from Sacramento County pending that raises the issue of the exclusion of registered sex offenders from early parole consideration, as well as

---

[3]  The court was mistaken.  Title 15, section 2449.1 applies only to those currently sentenced to life for a *violent* offense.  The "offending" regulation is Title 15, section 3491, subdivision (b)(1), which excludes from early parole consideration an inmate "currently incarcerated for a term of life with the possibility of parole for an offense that is not a violent felony or . . . ."  This provision does not apply to Schuster.

8

numerous other cases pending throughout the state that challenge the Department's regulations promulgated in response to the Amendment.

As a general rule, it is a court's duty to decide " ' "actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) When an event occurs that renders it impossible for the court to grant effective relief, the court will dismiss an appeal. (*Ibid*.)

In some cases, a trial court abuses its discretion in failing to dismiss a moot case. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1585 [challenge to approval of project moot after project completed]; see also *Zetterberg v. State Dept. of Public Health* (1974) 43 Cal.App.3d 657, 665.)

An exception to the general rule is that "if a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.* (1970) 3 Cal.3d 16, 23.) "The court may decide a petition for a writ of habeas corpus even if it becomes moot during its pendency if it involves an issue of important public interest which is likely to recur." (*People v. Superior Court (Hamilton)* (1991) 230 Cal.App.3d 1592, 1594.)

The issue of the validity of regulations establishing eligibility for early parole consideration under the Amendment is such an issue. According to the analysis of Proposition 57 by the Legislative Analyst, as of September 2015, there were about 30,000 individuals in state prison who would be affected by the parole consideration provisions. (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) analysis of Prop. 57 by Legislative Analyst, p. 56.)

The Department does not question the public importance of the issue, but takes issue with the trial court's finding that the issue "may evade review." Noting the other

9

pending cases, the Department contends the trial court was wrong to find the issue may evade review. Many formulations of the public interest exception to the mootness doctrine include the phrase "may evade review" (e.g. *California Cannabis Coalition v. City of Upland* (2017) 3 Cal.5th 924, 933) or "yet evade review" (e.g. *Cleveland National Forest Foundation v. San Diego Assn. of Government* (2017) 3 Cal.5th 497, 511). That a controversy may be so short-lived as to evade normal appellate review is a strong reason to decide an issue although it is technically moot. (See *San Jose Mercury-News v. Municipal Court* (1982) 30 Cal.3d 498, 501, fn. 2.) And a court may decide not to reach an important issue although likely to recur because it will not evade review. (*People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1153 ["we can see no reason to add our voice to the debate when we can offer no meaningful relief in the case before us"].) But the Department cites no authority, and we have found none, that holds it is an abuse of discretion to decide a technically moot issue of public importance likely to recur simply because it is *not* likely to evade review. We shall not be the first to so hold.

II

*Mootness: Based on Revision of the Regulation*

The Department contends the matter is also moot because the emergency regulations that Schuster challenged were replaced by final regulations. These final regulations were not adopted until May 2018, several months after the petition was filed.

"It is true that under some circumstances the repeal of a statute during the pendency of a cause on appeal will render further consideration thereof moot [citations]. Nevertheless, if the repealing statute or regulation re-enacts a material portion of the repealed statute or regulation which forms a part of the basis for the lower court's determination the matter is not moot since the determination by the lower court inheres after, as well as before, the change. [Citationd.]" (*Montalvo v. Madera Unified Sch. Dist. Bd. of Education* (1971) 21 Cal.App.3d 323, 329; see also *Stoneham v. Rushen*

10

(1982) 137 Cal.App.3d 729, 734; *Vincent v. State of California* (1971) 22 Cal.App.3d 566, 570, 571, fn. 6.)

The disposition of a petition for a writ of habeas corpus is limited to the issues actually raised by the petitioner. (*In re Clark* (1993) 5 Cal.4th 750, 781, fn. 16.) Schuster's petition challenged the emergency regulation because it excluded section 290 sex registrants from early parole consideration. In the traverse, however, his counsel narrowed the claim. "Petitioner's position is simply that in concluding whether or not someone should be excluded from early parole consideration, the focus must be on the current offense and that any prior offense is not to be considered in determining whether an inmate is eligible for early parole consideration." Once Schuster accepted professional counsel, "it is counsel, not defendant, who is in charge of the case. By choosing professional representation, the accused surrenders all but a handful of 'fundamental' personal rights to *counsel's* complete control of defense strategies and tactics." (*People v. Hamilton* (1989) 48 Cal.3d 1142, 1163.)

Schuster adhered to his narrow claim after the trial court requested supplemental briefing on a wider array of issues. He argued the focus on the current (rather than any prior) offense was "the crux of this case. Petitioner submits that the constitutional amendment addresses the current offense for which an inmate is serving his or her term and whether or not the current offense is a violent felony." In Schuster's case this was the dispositive issue because his registration offense (that the Department cited to classify him as ineligible for early parole consideration) was a *prior* offense; if the Amendment addressed only his *current* offense he should have not been rendered ineligible for consideration under the regulations due to the nature of his prior.

The parties agree the final regulation does not change the effect of the emergency regulation as to excluding from early parole consideration all of those convicted of a sex

11

offense requiring registration.[4]  Because the challenged aspect of the regulations remains in effect, revision of the regulations did not render moot Schuster's challenge.

III

*Validity of Regulations*

The Department contends the trial court erred in finding the term "nonviolent felony offense" in the Amendment was limited by section 667.5, subdivision (b)'s definition of violent felony.  Although the court did make the challenged finding, its *order* was limited to invalidating two final regulations, Title 15, sections 2449.1, subdivision (a)(3) and 3491, subdivision (b)(3).

The Department contends the court erred in invalidating Title 15, section 2449.1, subdivision (a)(3) because that regulation was not before it.  We agree.  That regulation excluded from the definition of nonviolent offender an inmate currently incarcerated for a term of life with the possibility of parole for a violent offense.  (Tit. 15, § 2449.1, subd. (a)(3).)  That regulation never applied to Schuster, who was not serving a life term, and he did not challenge it.  The trial court's ruling invalidating sua sponte the unchallenged regulation was an abuse of its discretion.

The Department does not address the validity of Title 15, section 3491, subdivision (b)(3) (other than to claim mootness).  The issue of whether that regulation could be applied to bar early parole consideration for inmates with a prior conviction for a sex offense requiring registration was before the Second District, Division 5 in *In re Gadlin* (2019) 31 Cal.App.5th 784, review granted May 15, 2019 S254599.  In *Gadlin*,

---

[4] The final regulation excludes from parole consideration an inmate who "is convicted" of a sex offense requiring registration.  (Tit. 15, § 3491, subd. (b)(3).)  Although arguably the use of the present tense--"is"--could be read as referring only to the inmate's current conviction, the parties do not so read it.  We note the regulations use the term "currently" in other provisions to denote the current sentence; that term was not used here.  (See Tit. 15, §§ 3490, subd. (a)(2)-(6), 3491, subd. (b)(3).)

12

the appellate court began its analysis with the rule that an agency has no discretion to promulgate a regulation that is inconsistent with the governing statute. (*Id*. at p. 789.) It found the language of the Amendment, particularly "[t]he reference to 'convicted' and 'sentenced,' in conjunction with present eligibility for parole once a full term is completed, make clear that the early parole eligibility must be assessed based on the conviction for which an inmate is now serving a state prison sentence (the current offense), rather than prior criminal history. This interpretation is supported by [Cal. Const., art. I] section 32(a)(1)'s use of the singular form in 'felony offense,' 'primary offense,' and 'term.' " (*Ibid*.) The court noted the Department offered policy considerations of public safety to justify the regulation. "These policy considerations, however, do not trump the plain text of [Cal. Const., art. I] section 32(a)(1)." (*Ibid.*) The *Gadlin* court concluded that the Department's "application of [Tit. 15] section 3491(b)(3) to exclude Gadlin and all similarly situated inmates from early parole consideration runs afoul of [Cal. Const., art. I] section 32(a)(1)." (*Id.* at p. 790.)

We agree with *Gadlin* that the focus of the Amendment for early parole consideration is on the inmate's current conviction, not on any prior convictions. The Amendment makes no mention of prior convictions or an inmate's status as a section 290 sex registrant. "Whenever by the express or implied terms of any statute a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute." (Gov. Code, § 11342.2.) To the extent that Title 15, section 3491, subdivision (b)(3) is applied to bar inmates with prior sex offenses requiring registration from early parole consideration, it conflicts with the Amendment and is invalid.

## DISPOSITION

The judgment is modified to invalidate only Title 15, section 3491, subdivision (b)(3) and only to the extent that section is applied to bar inmates from early parole consideration under the Amendment based on a prior conviction for a sex offense requiring registration.  As modified, the judgment is affirmed.

This court's stay order of July 6, 2018, is lifted upon finality of this opinion as to this court.

_____/s/_____  
Duarte, J.

We concur:

_____/s/_____  
Raye, P. J.

_____/s/_____  
Renner, J.

14